IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILL DANFORTH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | 2016 CV 7951 |
|     v. | ) | |
| | ) | |
| OPEN 4 BUSINESS PRODUCTIONS LLC, | ) | **JURY DEMANDED** |
| NBCUNIVERSAL MEDIA, LLC, and | ) | |
| INTERNATIONAL ALLIANCE OF THEATRICAL | ) | |
| STAGE EMPLOYEES, STUDIO MECHANICS | ) | |
| LOCAL 476 CHICAGO, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BILL DANFORTH, by and through her Attorney, BRIAN J. GRABER, LTD., and complaining of Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, NBCUNIVERSAL MEDIA, LLC, and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, as follows:

### JURISDICTION AND VENUE

1.      This action is brought against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, and each of them for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-2 and the Illinois Human Rights Act, 775 ILCS 5/2-102(D) and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-3 and the Illinois Human Rights Act of 775 ILCS 5/6-101 seeking any and all damages allowed, including but not limited to back pay, reinstatement or front pay,

compensatory damages, punitive damages, equitable relief, attorney's fees, expert witness fees, and litigation costs.

2.     This action is brought against Defendant, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e-3 and the Illinois Human Rights Act, 775 ILCS 5/6-101, seeking any and all damages allowed, including but not limited to back pay, reinstatement or front pay, compensatory damages, punitive damages, equitable relief, attorney's fees, expert witness fees, and litigation costs.

3.     Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3) as to Plaintiff, BILL DANFORTH'S claims for sexual harassment in violation of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, and each of them.

4.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3) as to Plaintiff, BILL DANFORTH'S claims for retaliation in violation of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, NBCUNIVERSAL MEDIA, LLC, and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO.

5.     Subjection matter jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1367 as to Plaintiff, BILL DANFORTH'S claims for sexual harassment and retaliation in

violation of the Illinois Human Rights Act, against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, and each of them.

6.      Subjection matter jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1367 as to Plaintiff, BILL DANFORTH'S claims for retaliation in violation of the Illinois Human Rights Act, against Defendant, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO.

7.      Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(2) where a substantial amount of the improper employment practices occurred in the Northern District of Illinois, Eastern Division at movie set for Chicago Fire located in Chicago, Cook County, Illinois.

8.      On or about March 22, 2016, Plaintiff, BILL DANFORTH, timely dual filed a Charge of Discrimination against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, NBCUNIVERSAL MEDIA, LLC, and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, with both the EEOC and the IDHR through the EEOC.

9.      On or about May 17, 2016, the EEOC issued Plaintiff, BILL DANFORTH, a Notice of Right-to-Sue Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, NBCUNIVERSAL MEDIA, LLC, and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO for his claims of sexual harassment and retaliation.

10.     On or about July 1, 2016, the IDHR adopted the findings of the EEOC and issued Plaintiff, BILL DANFORTH, the right-to-sue Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, NBCUNIVERSAL MEDIA, LLC, and INTERNATIONAL ALLIANCE

OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, on his claims under the Illinois Human Rights Act for sexual harassment and retaliation.

11.     On August 8, 2016, Plaintiff, BILL DANFORTH, timely filed this lawsuit against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, NBCUNIVERSAL MEDIA, LLC, and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, on his claims under Title VII and the Illinois Human Rights Act for sexual harassment and retaliation.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     At all times mentioned herein, Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, [herein after referred to as "OPEN 4 BUSINESS"] and NBCUNIVERSAL MEDIA, LLC, [hereinafter referred to as "NBCUNIVERSAL"] and each of them were employers as the term is defined by 42 U.S.C. §2000e(b) engaged in an industry affecting commerce having fifteen or more employees.

13.     At all times mentioned herein, Defendants, OPEN 4 BUSINESS, and NBCUNIVERSAL, and each of them was an employer as the term is defined by 775 ILCS 5/2-101(B)(1)(b) employing at least one or more employees.

14.     At all times mentioned herein, Defendants, OPEN 4 BUSINESS, and NBCUNIVERSAL, and each of them employed Plaintiff, BILL DANFORTH, as a carpenter on the set for the TV series, "Chicago Fire."

15.     At all times mentioned herein, Defendants, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, [hereinafter referred to as "STUDIO MECHANICS LOCAL 476 CHICAGO"] is a chartered labor organization as the term is defined by 42 U.S.C. §2000e(d) in which employees participate

and which exists for the purpose, in whole or in part, of dealing with wages, rates of pay, hours, or other terms and conditions of employment which is subordinate to The International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists, and Allied Crafts of the United States, Its Territories and Canada.

16.     At all times mentioned herein, Defendants, STUDIO MECHANICS LOCAL 476 CHICAGO, was a labor organization as defined by 42 U.S.C. §2000(e), engaged in an industry affecting commerce by maintaining or operating a hiring hall or hiring office or an electronic hiring list which procures employees for an employer or procures for employees' opportunities to work for an employer.

17.     At all times mentioned herein, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, was a labor organization as defined by 42 U.S.C. §2000(e) with its total number of members exceeding fifteen or more.

18.     At all times mentioned herein, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, was a "person" pursuant to 775 ILCS 5/1-103(L) which includes labor unions and union labor associations.

19.     At all times mentioned herein, Defendant, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them are a "person" pursuant to 775 ILCS 5/1-103(L).

20.     At all times mentioned herein, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, was a "Labor Organization" as the term is defined by 775 ILCS 5/2-101(D).

21.     At all times mentioned herein, Plaintiff, BILL DANFORTH, was a member of the labor organization/union operated by Respondent, STUDIO MECHANICS LOCAL 476 CHICAGO.

22.     At all times mentioned herein, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, operated a hiring hall or hiring office consisting of an electronic list whereby its members that were out of work could sign up on the availability list for opportunities to work for employers.

23.     At all times mentioned herein, Bradley T. Matthys, was the President of Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, having authority over the "availability list" and could prevent union members of Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, from being hired from the "availability list" by employers.

24.     At all times mentioned herein, Troy Osman, Steve Hull, Tyler Osman, Tim Osman, and Tommy Osman were all members of labor union operated by Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO.

25.     On or about November 7, 2015, Troy Osman, was a foreman on the set for Chicago Fire, in a managerial and/or supervisory position employed by Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them with authority over the terms and conditions of Defendant, BILL DANFORTH'S employment on the set for the Chicago Fire, with authority to discipline and terminate his employment, including the authority to order him off the movie set.

26.     On or about November 7, 2015, Steve Hull, was a general foreman on the set for Chicago Fire, employed in a managerial and/or supervisory position by Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, with authority over the terms and conditions of Plaintiff, BILL DANFORTH'S employment on the set for Chicago Fire, with authority to discipline and terminate his employment, including the authority to order him off the set for Chicago Fire.

27.     On or about November 7, 2015, Tyler Osman, is a construction coordinator on the set for Chicago Fire, on the set for Chicago Fire, employed in a managerial and/or supervisory position by Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, with authority over the terms and conditions of Plaintiff, BILL DANFORTH'S employment on the set for Chicago Fire, with authority to discipline and terminate his employment, including the authority to order him off the set for Chicago Fire.

28.     On or about November 7, 2015, Tim Osman, is a carpenter on the set for Chicago Fire, employed by Defendant, OPEN 4 BUSINESS, and NBCUNIVERSAL, and each of them.

29.     On or about November 7, 2015, Tommy Osman, is a labor foreman on the set for Chicago Fire, employed by Defendant, OPEN 4 BUSINESS, and NBCUNIVERSAL, and each of them.

30.     On or about November 7, 2015, Plaintiff, BILL DANFORTH, walked past Troy Osman who remarked to Plaintiff, BILL DANFORTH, "You look good in your jeans and I would love to fuck you in your ass."

31.     On or about November 7, 2015, after making the above described sexually harassing comment to Plaintiff, BILL DANFORTH, approached him from behind and touched his buttocks in an unwanted sexual manner.

32.     Plaintiff, BILL DANFORTH, turned around and pushed Troy Osman away from him.

33.     Troy Osman got into an argument with Plaintiff, BILL DANFORTH, who told Troy Osman, "Keep your hands off me and leave me alone."

34.     Troy Osman continued to argue with Plaintiff, BILL DANFORTH, and Plaintiff walked outside to get away from Troy Osman.

35.     On November 7, 2015, Plaintiff, BILL DANFORTH, re-entered the shop and was approached by Steve Hull who instructed Plaintiff, BILL DANFORTH, to go home.

36.     On November 7, 2015, Plaintiff, BILL DANFORTH, reported to Steve Hull, the shop foreman, that Troy Osman had stated he wanted to fuck him in the ass and then grabbed his buttocks and to verify the incident with a co-worker, Johnny.

37.     On November 7, 2015, Plaintiff, BILL DANFORTH, observed Steve Hull approach Johnny who said he saw the incident and Steve Hull responded to Johnny, "No you didn't see anything," to which Johnny then stated, "I didn't see anything."

38.     On or about November 7, 2015, Plaintiff, BILL DANFORTH, reported to Tyler Osman that Troy Osman told him that he wanted to fuck him in the ass and then grabbed his ass.

39.     On or about November 7, 2015, Plaintiff, BILL DANFORTH, had a phone conversation at 1:00 p.m., with Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S president, Bradley T. Matthys.

40.     During the phone conversation with Bradley Matthys, Plaintiff, BILL DANFORTH, reported that Troy Osman had told him that he wanted to fuck him in the ass and then grabbed his ass. Bradley Matthys said, "I know about Troy Osman and could tell stories and that it was very important to keep this in house and not to go to NBCUniversal about this. . . ." Plaintiff, BILL DANFORTH, asked Bradley Matthys, what he was going to do about Troy Osman. Bradley Matthys responded, "Nothing we can do about it . . . . Please do not go to Universal about this. . . . Depending on how things go you can get a job somewhere else or in a different department. . . ." Plaintiff, BILL DANFORTH, told Bradley Matthys he did not want to change his career. Bradley Matthys told Plaintiff, BILL DANFORTH, that he needs to know if he is going to Universal with this. . . ."

41.     During the November 7, 2015, phone conversation, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S president, Bradley Matthys threatened Plaintiff, BILL DANFORTH, that if he reported Troy Osman's sexual harassment to NBCUniversal "that you will never work for this union again if you go to NBC."

42.     On or about November 7, 2015, Tyler Osman called Plaintiff, BILL DANFORTH, and told him that he has no work for him on Monday.

43.     On or about November 9, 2015, Plaintiff, BILL DANFORTH, called Darren Chiappetta, of NBCUNIVERSAL and reported the Troy Osman's sexual harassment.

44.     Since November 9, 2015, to present, Plaintiff, BILL DANFORTH'S name has been on Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S work availability list but has not been hired from the work availability list while jobs working on the sets for TV shows Shameless and Empire, as well as TV commercials have gone to other persons who were not even members of the union.

45.     Since November 9, 2015, to present, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S president, Bradley Matthys, has made good on his threat by retaliating against Plaintiff, BILL DANFORTH, for reporting Troy Osman's sexual harassment to NBCUniversal by making sure Plaintiff is not hired from the work availability list and "never works for the union again."

46.     As a result of Plaintiff, BILL DANFORTH'S report of sexual harassment to NBCUniversal, Troy Osman's employment was from Chicago Fire was terminated.

47.     Defendants, OPEN 4 BUSINESS, and, NBCUNIVERAL, and each of them, refused to pay Plaintiff, BILL DANFORTH, back pay for the time he was not allowed to return to work on the set for the TV series, Chicago Fire, and have otherwise retaliated against Plaintiff,

BILL DANFORTH, after his complaint of Troy Osman's sexual harassment and to otherwise
protect him from Steve Hull's retaliation.

## COUNT I

## SEXUAL HARASSMENT

## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-2

## OPEN 4 BUSINESS PRODUCTIONS LLC AND NBCUNIVERSAL MEDIA, LLC

NOW COMES the Plaintiff, BILL DANFORTH, by and through his Attorneys, BRIAN
J. GRABER, LTD., and complaining of sexual harassment against Defendants, OPEN 4
BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, and each of them in
violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e(a)(1), and in
support thereof, states as follows:

1-47.    Plaintiff re-alleges Paragraphs 1 through 35 as Paragraphs 1 through 47 of Count
I.

48.     At all times mentioned herein, it was an unlawful employment practice under 42
U.S.C. §2000e-2(a)(1) and (2) for the Defendants, OPEN 4 BUSINESS, and,
NBCUNIVERSAL, and each of them, to discipline and/or discharge Plaintiff, BILL
DANFORTH, or otherwise discriminate against Plaintiff, BILL DANFORTH, with respect to his
compensation, terms, conditions, or privileges of employment because his sex.

49.     On or about November 7, 2015, Defendants, OPEN 4 BUSINESS, and,
NBCUNIVERSAL, and each of them, acting through its supervisors, managers, officers,
employees, and agents, including but not limited to Troy Osman, engaged in a course of sexual
harassment against Plaintiff, BILL DANFORTH, because of his sex and/or as a result of sexual
desire in violation of 42 U.S.C. §2000e-2(a)(1) and (2) and 42 U.S.C. §2000e-2(m) with respect

to the terms and conditions, privileges, discipline, and termination, including creation of a hostile work environment resulting in "tangible employment action," including suspension and/or constructive termination on the basis of Plaintiff's sex for his refusing his unwelcomed and unwanted sexual advances.

50.     As a direct and proximate cause of Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and of them, sexually harassing conduct and taking adverse employment action, the Plaintiff, BILL DANFORTH, suffered loss of employment, wages, benefits, emotional distress, humiliation, actual damages, and compensatory damages as well as attorney's fees, expert witness fees, and litigation costs.

51.     As a direct and proximate cause of Defendant, OPEN 4 BUSINESS, and, NBCUNIVERSIAL, and each of them, intentional sexual harassment, Plaintiff, BILL DANFORTH, seeks punitive damages.

WHEREFORE, the Plaintiff, BILL DANFORTH, seeks judgment against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and, NBCUNIVERSAL MEDIA, LLC, in excess of One Million Dollars ($1,000,000.00) pursuant to 42 U.S.C. §2000e-5, and 42 U.S.C. §1981a for back pay, lost wages and benefits, and front pay; actual damages, compensatory damages, emotional distress damages and punitive damages; equitable relief; attorney's fees, costs, and expert witness fees; and interest.

11

## COUNT II

## SEXUAL HARASSMENT

## ILLINOIS HUMAN RIGHTS ACT

## OPEN 4 BUSINESS PRODUCTIONS LLC AND NBCUNIVERSAL MEDIA, LLC

NOW COMES the Plaintiff, BILL DANFORTH, by and through his Attorney, BRIAN J. GRABER, LTD., and complaining sexual harassment by the Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(D), and in support thereof, states as follows:

1-47.   Plaintiff re-alleges Paragraphs 1 through 35 as Paragraphs 1 through 47 of Count II.

48.     At all times mentioned herein, Plaintiff, BILL DANFORTH, is male, heterosexual, a protected class under the Illinois Human Rights Act, 775 ILCS 5/1-103(O) and 775 ILCS 5/1-103(O-1).

49.     At all times mentioned herein, the Illinois Human Rights Act, 775 ILCS 5/1-103(Q) defined unlawful discrimination as discrimination against a person because of his sex and sexual orientation.

50.     At all times mentioned herein, the Illinois Human Rights Act, 775 ILCS 5/2-101(E) defines sexual harassment as follows:

"Sexual Harassment means any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment."

51.     At all times mentioned herein, Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, Troy Osman, had managerial and supervisory authority over the Plaintiff, BILL DANFORTH, on the set for Chicago Fire.

52.     On or about November 7, 2015, Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each them, acting through their general foreman, Steve Hull, knew about Troy Osman's same-sex sexual harassment of Plaintiff, BILL DANFORTH.

53.     At all times mentioned herein, it was a violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(A) for Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, acting through its officers, managers, and employees, including but not limited to Troy Osman, to discriminate against Plaintiff, BILL DANFORTH, on the basis of his sex and sexual orientation in the terms, privileges, conditions of employment, including discipline and termination.

52.     At all times mentioned herein, it was a violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(D) for Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, acting through its officers, managers, and employees, including but not limited to Troy Osman, to engage in same-sex sexual harassment and otherwise sexually harass Plaintiff, BILL DANFORTH.

53.     At all times mentioned herein, Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, acting through Troy Osman created an intimidating, hostile or offensive working environment and violated the Illinois Human Rights Act, 775 ILCS 5/2-101(E)(1), (2), and (3) and 775 ILCS 5/2-102(D).

54.     As a direct and proximate cause of Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, acting Troy Osman's sexually harassing conduct and taking adverse employment action, the Plaintiff, BILL DANFORTH, suffered loss of

employment, wages, benefits, emotional distress, humiliation, actual damages, and compensatory damages as well as attorney's fees, expert witness fees, and litigation expenses.

WHEREFORE, the Plaintiff, BILL DANFORTH, seeks judgment against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and, NBCUNIVERSAL MEDIA, LLC, in excess of One Million Dollars ($1,000,000.00) pursuant to 775 ILCS 5/8A-104 for back pay, lost wages, and benefits; reinstatement or front pay; actual damages, and compensatory damages, including emotional distress and loss of enjoyment of life; equitable relief; attorney's fees, costs, and expert witness fees; and interest.

**COUNT III**

**RETALIATION**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 42 U.S.C. §2000e-3**

**OPEN 4 BUSINESS PRODUCTIONS LLC AND NBCUNIVERSAL MEDIA, LLC**

NOW COMES the Plaintiff, BILL DANFORTH, by and through his Attorney, BRIAN J. GRABER, LTD., and complaining of retaliation by Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a), and in support thereof, states as follows:

1-47.   Plaintiff re-alleges Paragraphs 1 through 47 as Paragraphs 1 through 47 of Count III.

48.     At all times mentioned herein, it was a violation of 42 U.S.C. §2000e-3(a)(1) for Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them to retaliate against Plaintiff, BILL DANFORTH, for opposing his supervisor, Troy Osman's sexual harassment, and reporting Troy Osman's sexual harassment to Defendants' foreman, Steve Hull, and Darren Chiappetta.

49.    On or about November 7, 2015, Defendants' Foreman, Steve Hull, intimidated a witness, Johnny, into claiming he "never saw anything" and took adverse employment action against Plaintiff, BILL DANFORTH, for opposing Troy Osman's sexual harassment by ordering him off the jobsite and otherwise constructively discharging him and thereby attempting to cover-up the reason why Plaintiff was ordered off the set for Chicago Fire.

50.    Defendants retaliated against Plaintiff, BILL DANFORTH, for opposing his supervisor, Troy Osman's sexual harassment and pushing Troy Osman away from him after Troy Osman engaged in a touching of an unwelcome sexual nature.

51.     As a direct and proximate cause of Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, retaliating against Plaintiff, BILL DANFORTH, he seeks lost wages, back pay damages, lost benefits, emotional distress, actual and compensatory damages, damage to his reputation, and seeks interest on all his damages as well as attorney's fees, expert witness fees, litigation costs, reinstatement and other equitable relief.

52.    As a direct and proximate cause of Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them retaliating against Plaintiff, BILL DANFORTH, in willful violation of his civil rights, Plaintiff, BILL DANFORTH, seeks punitive damages against Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL.

WHEREFORE, Plaintiff, BILL DANFORTH, seeks judgment against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and, NBCUNIVERSAL MEDIA, LLC, in excess of One Million Dollars ($1,000,000.00) for all damages including, back pay, lost wages and benefits; reinstatement or front pay; actual damages, compensatory damages, including emotional distress, and punitive damages; equitable relief; attorney's fees, costs, and expert witness fees; and interest.

## COUNT IV

## RETALIATION

## ILLINOIS HUMAN RIGHTS ACT

## OPEN 4 BUSINESS PRODUCTIONS LLC AND NBCUNIVERSAL MEDIA, LLC

NOW COMES the Plaintiff, BILL DANFORTH, by and through his Attorney, BRIAN J. GRABER, LTD., and complaining of retaliation by Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, in violation of the Illinois Human Rights Act, 775 ILCS 5/6-101(A), and in support thereof, states as follows:

1-47.    Charging Party re-alleges Paragraphs 1 through 47 as Paragraphs 1 through 37 of Count IV.

48.    At all times mentioned herein, it was a violation of 775 ILCS 5/6-101(A) for Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them to retaliate against Plaintiff, BILL DANFORTH, for opposing his supervisor, Troy Osman's sexual harassment, and reporting Troy Osman's sexual harassment to Defendants' foreman, Steve Hull, and Darren Chiappetta.

49.    On or about November 7, 2015, Defendants' Foreman, Steve Hull, intimidated a witness, Johnny, into claiming he "never saw anything" and took adverse employment action against Plaintiff, BILL DANFORTH, for opposing Troy Osman's sexual harassment by ordering him off the jobsite and otherwise constructively discharging him and thereby attempting to cover-up the reason why Plaintiff was ordered off the set for Chicago Fire.

50.    Defendants retaliated against Plaintiff, BILL DANFORTH, for opposing his supervisor, Troy Osman's sexual harassment and pushing Troy Osman away from him after Troy Osman engaged in a touching of an unwelcome sexual nature.

51. As a direct and proximate cause of Defendants, OPEN 4 BUSINESS, and, NBCUNIVERSAL, and each of them, retaliating against Plaintiff, BILL DANFORTH, he seeks lost wages, back pay damages, lost benefits, emotional distress, actual and compensatory damages, damage to his reputation, and seeks interest on all his damages as well as attorney's fees, expert witness fees, litigation costs, reinstatement and other equitable relief.

WHEREFORE, Plaintiff, BILL DANFORTH, seeks judgment against Defendants, OPEN 4 BUSINESS PRODUCTIONS LLC, and NBCUNIVERSAL MEDIA, LLC, in excess of One Million Dollars ($1,000,000.00) for damages including, back pay, lost wages and benefits; reinstatement or front pay; actual damages, and compensatory damages, including emotional distress; equitable relief; attorney's fees, costs, and expert witness fees; and interest.

**COUNT V**

**RETALIATION**

**CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-3**

**INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO**

NOW COMES the Plaintiff, BILL DANFORTH, by and through his Attorney, BRIAN J. GRABER, LTD., and complaining of retaliation by Defendant, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, [hereinafter referred to as "STUDIO MECHANICS LOCAL 476 CHICAGO"] in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e-3, and in support thereof, states as follows:

1-47. Plaintiff re-alleges Paragraphs 1 through 47 as Paragraphs 1 through 47 of Count V.

48.     At all times mentioned herein, it was a violation of 42 U.S.C. §2000e-3(a) for Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, acting through its officers and agents, Bradley Matthys, to discriminate and/or retaliate against Plaintiff, BILL DANFORTH, because he opposed any practice made an unlawful employment practice – same-sex sexual harassment or because he participated in an investigation by the employer into his complaints of same-sex sexual harassment.

49.     At all times mentioned herein, Plaintiff, BILL DANFORTH engaged in protected activity by reporting what he reasonably and honestly believed to be same-sex sexual harassment committed by Troy Osman against him on November 7, 2015, to Steve Hull, Tyler Osman, and Bradley Matthys.

50.     At all times mentioned herein, Plaintiff, BILL DANFORTH, engaged in protected activity by reporting what he reasonably and honestly believed to be Troy Osman's same-sex sexual harassment to NBCUniversal on November 9, 2015.

51.     At all times mentioned herein, Plaintiff, BILL DANFORTH, engaged in protected activity by participating in NBCUniveral's investigation into Troy Osman's same sex-sexual harassment.

52.     On November 7, 2015, and after November 9, 2015, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, acting through its officers, agents, and members, including but not limited to Bradley Matthys, retaliated against Plaintiff, BILL DANFORTH, by making good on Bradly Matthys' threat by making sure Plaintiff, BILL DANFORTH, never works for Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, in violation of 42 U.S.C. §2000e-3(a) because he reported Troy Osman's same-sex sexual harassment to NBCUniversal in accordance with the Anti-Harassment Policy.

53.     As a direct and proximate cause of Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S retaliation against Plaintiff, BILL DANFORTH, he suffered loss of employment, lost wages, back pay damages, lost benefits, emotional distress, actual and compensatory damages, damage to his reputation, and seeks interest on all his damages.

54.     As a direct and proximate cause of Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S retaliation against Plaintiff, BILL DANFORTH, he seeks attorney's fees, expert witness fees, litigation costs, reinstatement with the union and an injunction preventing Respondent from keeping Plaintiff unemployed.

55.     At all times mentioned herein, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S retaliation against Plaintiff, BILL DANFORTH, was in willful violation of his civil rights and Plaintiff, BILL DANFORTH, seeks punitive damages against Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO.

WHEREFORE, Plaintiff, BILL DANFORTH, seeks judgment against Defendant, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, in excess of One Million Dollars ($1,000,000.00) for his damages including, back pay, lost wages and benefits; reinstatement or front pay; actual damages, compensatory damages, including emotional distress damages, and punitive damages; equitable relief; attorney's fees, costs, and expert witness fees; and interest.

## COUNT VI

## ILLINOIS HUMAN RIGHTS ACT

## RETALIATION

### INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO

NOW COMES the Plaintiff, BILL DANFORTH, by and through his Attorney, BRIAN J. GRABER, LTD., and complaining of retaliation by Defendant, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO MECHANICS LOCAL 476 CHICAGO, [hereinafter referred to as "STUDIO MECHANICS LOCAL 476 CHICAGO"] in violation of the Illinois Human Rights Act of 775 ILCS 5/6-101, and in support thereof, states as follows:

1-47.  Charging Party re-alleges Paragraphs 1 through 47 as Paragraphs 1 through 47 of Count VI.

48.  At all times mentioned herein, it was a violation of 775 ILCS 5/6-101 for Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, acting through its officers and agents, Bradley Matthys, to retaliate against Plaintiff, BILL DANFORTH, because he opposed any practice made an unlawful employment practice – same-sex sexual harassment or because he participated in an investigation by the employer into his complaints of same-sex sexual harassment.

49.  At all times mentioned herein, Defendant, BILL DANFORTH engaged in protected activity under 775 ILCS 5/6-101 by reporting what he reasonably and honestly believed to be same-sex sexual harassment committed by Troy Osman against him on November 7, 2015, to Steve Hull, Tyler Osman, and Bradley Matthys.

50.     At all times mentioned herein, Plaintiff, BILL DANFORTH, engaged in protected activity under 775 ILCS 5/6-101, by reporting what he reasonably and honestly believed to be Troy Osman's same-sex sexual harassment to NBCUniversal on November 9, 2015.

51.     At all times mentioned herein, Plaintiff, BILL DANFORTH, engaged in protected activity under 775 ILCS 5/6-101, by participating in NBCUniveral's investigation into Troy Osman's same sex-sexual harassment.

52.     On November 7, 2015, and after November 9, 2015, Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, acting through its officers, agents, and members, including but not limited to Bradley Matthys, retaliated against Plaintiff, BILL DANFORTH, by making good on Bradly Matthys' threat by making sure Plaintiff, BILL DANFORTH, never works for Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO, in violation of 775 ILCS 5/6-101 because he reported Troy Osman's same-sex sexual harassment to NBCUniversal in accordance with the Anti-Harassment Policy.

53.     As a direct and proximate cause of Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S retaliation against Plaintiff, BILL DANFORTH, he suffered loss of employment, lost wages, back pay damages, lost benefits, emotional distress, actual and compensatory damages, damage to his reputation, and seeks interest on all his damages.

53.     As a direct and proximate cause of Defendant, STUDIO MECHANICS LOCAL 476 CHICAGO'S retaliation against Plaintiff, BILL DANFORTH, he seeks attorney's fees, expert witness fees, litigation costs, reinstatement with the union and an injunction preventing Defendant from keeping Charging Party unemployed.

WHEREFORE, Plaintiff, BILL DANFORTH, seeks judgment against Defendant, INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, STUDIO

MECHANICS LOCAL 476 CHICAGO, in excess of One Million Dollars ($1,000,000.00) for his damages, including back pay, lost wages and benefits; reinstatement or front pay; actual damages, and compensatory damages, including emotional distress damages; equitable relief; attorney's fees, costs, and expert witness fees; and interest.

## VII.  JURY DEMAND

Plaintiff, BILL DANFORTH, demands trial by jury on all issues in this action.

/s/ Brian J. Graber___
Attorney for Plaintiff

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Bill Danforth
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
FAX (312) 854-2877
Email: graberlaw1973@gmail.com